# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 11-07525-DD |
| Ronald Jefferson Davis, Jr., | Chapter 7 |
| Debtor. | **ORDER ON MOTION TO REVOKE PRO HAC VICE ADMISSION** |

This matter is before the Court on a Motion to Revoke Pro Hac Vice Admission of Attorney Louis R. Cohan ("Motion") received by the Court from Ronald Jefferson Davis, Jr. ("Debtor") on June 26, 2012.[1] Andrew and Naomi Taylor filed an Objection to Debtor's Motion on July 27, 2012, and Debtor filed a Reply on August 13, 2012.[2] Debtor also included further statements in support of this Motion in a separately filed motion to request or compel a state court judge to respond to several queries from Debtor. A hearing was held on August 14, 2012. At the conclusion of the hearing, the Court took the matter under advisement. The Court now issues this Order.

The Taylors commenced an adversary proceeding against Debtor on March 2, 2012, seeking a determination that the debt Debtor allegedly owes them is nondischargeable pursuant to 11 U.S.C. § 523(a)(2), (4), (6), and (19). No Answer has been yet been filed. On May 8, 2012, Louis R. Cohan, with W. Andrew Gowder, Jr. as local counsel, filed an Application to Appear Pro Hac Vice ("Pro Hac Application"). The Pro Hac Application indicates that Mr. Cohan is member in good standing of the Georgia bar, that he has never been the subject of any disciplinary proceedings and has never been sanctioned, and that he has never had an application

---

[1] The Motion was filed in both the chapter 7 case and the pending adversary proceeding, Taylor v. Davis, Adv. No. 12-80034-dd. The Objection was filed only in the adversary proceeding, and Debtor's Reply was filed in the adversary proceeding as well. However, because the Motion to Appear Pro Hac Vice and the Order Granting the Motion to Appear Pro Hac Vice were both docketed in the main bankruptcy case, this Order is captioned as an Order in the main bankruptcy case, but will be docketed both in the main case and the adversary proceeding.

[2] Mr. Davis emailed a copy of the Reply to the Court and to opposing counsel on August 10, 2012. The Reply was received by mail at the Court on August 13, 2012.

for admission pro hac vice revoked. The Court entered an Order granting the Pro Hac Application on May 10, 2012.

Debtor's Motion asks the Court to revoke Mr. Cohan's pro hac vice admission based on both his alleged "unprofessional and unethical practices" before this Court and his failure to disclose the denial of a pro hac vice application for admission in the United States District Court for the District of Florida. Debtor's Motion is 75 pages in length, including exhibits, and contains numerous allegations against Mr. Cohan. The Taylors' Objection admits that in 2007, Mr. Cohan's Motion for Admission Pro Hac Vice filed in the Florida District Court was denied. The Objection states that the reason for the denial was because the moving attorney did not have a physical office in Florida when the motion was filed. The motion was later refiled by a local counsel with an office in the state, and that motion was granted. The Objection states:

> Mr. Cohan did not consider [the motion's denial to] ever be anything that required disclosure, that it was disciplinary, or that there was any reason to continue to be conscious of it. It was a temporary denial on a technical basis with no prejudice. Cohan was quickly admitted PHV in that case and never thought of it again until the matter was raised in the instant Motion by Mr. Davis.

Objection to Motion, docket #35, Adv. No. 12-80034-dd, pg 3. In support of the statements in the Objection, Mr. Cohan filed an affidavit attesting to the truth of those statements. The Objection also responded to Debtor's other allegations of misconduct in detail.

Revocation of an attorney's pro hac vice admission is a harsh sanction. As a result, it should be exercised sparingly and only in particularly egregious cases. *See Mruz v. Caring, Inc.*, 166 F. Supp.2d 61, 70 (D.N.J. 2001) ("While it is indeed true that admission *pro hac vice* is a privilege, not a right, . . . revocation of that privilege, once bestowed, sends a strong message which works a lasting hardship on an attorney's reputation."). The Fourth Circuit has not addressed the particular issue of when the revocation of pro hac vice admission is appropriate.

In *Belue v. Leventhal*, 640 F.3d 567 (4th Cir. 2011), however, the Fourth Circuit did shed some light on the appropriate standard under which to consider a motion to revoke pro hac vice. In *Belue*, the district court had previously revoked several attorneys' pro hac vice status for several stated reasons:

> the attorneys' failure to confer with opposing counsel before requesting a page [limitation] extension for the class [action] certification response, their failure to file that response in a timely fashion, the alleged inconsistency between their positions in state and federal court over the propriety of class action treatment, and their claims that the scheduling order denied them due process.

*Belue*, 640 F.3d at 572. However, the Fourth Circuit opined that the actual reason the district court judge revoked the attorneys' pro hac vice admission was due to their filing of a recusal motion seeking to recuse the judge based on comments the judge made at a hearing. *Id.* at 570, 572. The Fourth Circuit found that the revocation was improper because the attorneys did not have notice and an opportunity to be heard before their admission was revoked and therefore reinstated the attorneys' pro hac vice admission. *Id.* at 576–77. The Fourth Circuit, in discussing the appropriate standard, stated:

> While pro hac vice status was "at one time . . . considered to be granted and held at the grace of the court," such an approach does not accord with the modern practice of law. The legal profession has become a national one, and justice in any true sense must transcend the parochial. If pro hac vice attorneys become subject to uniquely preemptory dismissals, then federal courts will be lesser bulwarks against local favoritisms, and less able to perform the national task that has been theirs since Article III originally assigned it. "[I]n this era of interstate practice," especially, notions of judicial grace thus "cannot be applied too literally or strictly." In recognition of this modern reality, as well as the fact that pro hac vice attorneys are "held to the same professional responsibilities and ethical standards as regular counsel," courts have increasingly proved willing to conclude that pro hac vice attorneys should not be disqualified "under standards and procedures any different or more stringent than those imposed upon regular members of the district court bar."

*Id.* at 576 (alterations original) (internal citations omitted). *See also Martens v. Thomann,* 273 F.3d 159 (2d Cir. 2001) (stating in a footnote that although the court does not reach the merits of

the district court's decision to revoke pro hac vice status, the court notes that the grounds for revoking pro hac vice status should be substantially similar to the grounds for disqualifying admitted counsel and stating that it is only appropriate to revoke pro hac vice status on the basis of past conduct if one of two circumstances occurs: "(1) where an attorney's conflict of interests in violation of Canons 5 and 9 of the Code of Professional Responsibility undermines the court's confidence in the vigor of the attorney's representation of his client, or more commonly (2) where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation . . . thus giving his present client an unfair advantage. . . . ." The court stated, "But in other kinds of cases, we have shown considerable reluctance to disqualify attorneys despite misgivings about the attorney's conduct. . . . [Therefore,] unless an attorney's conduct tends to taint the underlying trial by disturbing the balance of the presentations in one of these two ways . . ., courts should be quite hesitant to disqualify an attorney."); *United States v. Collins*, 920 F.2d 619, 626 (10th Cir. 1990) (in a criminal case, stating, "Attorneys admitted *pro hac vice* are held to the same professional responsibilities and ethical standards as regular counsel.  Once admitted, *pro hac vice* counsel cannot be disqualified under standards and procedures any different or more stringent than those imposed upon regular members of the district court bar.") (citing *Kirkland v. Nat'l Mortgage Network*, 884 F.2d 1367, 1371 (11th Cir. 1981); *Kohler v. Richardson-Merrell*, 737 F.2d 1038, 1054 (D.C. Cir. 1984)).

Mr. Cohan should have reported the previous denial of his application for pro hac vice admission to the Florida District Court.  However, Mr. Cohan apologized to the Court for the error and explained that the denial was based on a technicality, which was quickly corrected, leading to the application being subsequently granted.  Mr. Cohan explained that the failure to list the denial on his application to this Court was based on his belief that the denial was a

technicality and not a sanction and therefore it did not occur to him to list it. While Mr. Cohan obviously did not follow the best practice in completing his pro hac vice application, his actions were not taken in bad faith and do not amount to egregious misconduct rising to the level necessary for revocation of pro hac vice admission.

Debtor also makes allegations of numerous other instances of unprofessional conduct or bad faith on the part of Mr. Cohan. Debtor cites no instance in which Mr. Cohan has been sanctioned or disciplined by another court and besides the misstatement described above, makes no allegations of other false representations on Mr. Cohan's application for pro hac vice admission. Debtor has not shown that Mr. Cohan engaged in egregious unethical conduct or acted in bad faith. Debtor's Motion is denied.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**08/30/2012**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 08/31/2012