**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **11-07525-dd**
Adversary Proceeding Number: **12-80034-dd**

### ORDER ON MOTION TO ENFORCE PROTECTIVE ORDER

The relief set forth on the following pages, for a total of 4 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**08/30/2012**



/s/ David R. Duncan
David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 08/31/2012

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Ronald Jefferson Davis, Jr.,<br><br>          Debtor.<br><br>Andrew Taylor and Naomi Taylor,<br><br>          Plaintiffs,<br><br>v.<br><br>Ronald Jefferson Davis, Jr.,<br><br>          Defendant. | C/A No. 11-07525-DD<br><br>Adv. Pro. No. 12-80034-DD<br><br>Chapter 7<br><br>**ORDER ON MOTION TO ENFORCE PROTECTIVE ORDER** |

This matter is before the Court on a Motion to Enforce Protective Order ("Motion") received by the Court from Ronald Jefferson Davis, Jr. ("Debtor") on July 31, 2012. An Objection to Debtor's Motion was filed on August 10, 2012 by Andrew and Naomi Taylor ("Plaintiffs"). A hearing was held on August 14, 2012. At the conclusion of the hearing, the Court took the matter under advisement. The Court now makes the following Findings of Fact and Conclusions of Law.

Debtor's Motion relates to a protective order entered on April 15, 2010 in a state court action by First Citizens Bank and Trust Company, Inc. against Debtor and certain other defendants.[1] The protective order is signed by Mr. Cohan, counsel for Plaintiffs in this adversary proceeding.[2] The protective order is also signed by Mark D. Lefkow, Debtor's attorney in the First Citizens state court action. The protective order provides in relevant part, "All information

---

[1] First Citizens Bank and Trust Company, Inc. v. 1842 Capital, LLC, et al., No. 2009CV176438, action in the Superior Court of Fulton County, Georgia. Plaintiffs were defendants in that state court action.
[2] Mr. Cohan also represented Plaintiffs in the First Citizens state court action and another state court action Plaintiffs brought against Debtor.

produced or discovered in this action, regardless of its designation or lack thereof, shall be used solely for the presentation, prosecution, or defense of the claims, positions and contested matters in this case unless that information has become publicly available without a breach of the terms of this Order." Exhibit B, paragraph 3, Debtor's Motion to Enforce Protective Order, Adv. No. 12-80034-dd, docket #38. The order also provides that it continues in effect after the termination of the First Citizens state court action.

While Debtor does not provide specific examples of the information he alleges is being used in violation of the protective order, Debtor argues that much of the information being used by Plaintiffs to support their nondischargeability action was obtained by Plaintiffs during the First Citizens state court action. As a result, Debtor argues, none of that information can be used in this adversary proceeding. Plaintiffs respond that the protective order "specifically provides for use of the information exchanged in discovery where the same claims, positions and contested matters are at issue, just as they are in this case." Plaintiffs' Objection states that Debtor understood that the protective order did not prohibit use of the information obtained during discovery in the First Citizens state court action for purposes of the parties' other state court action and this adversary proceeding and that his current claims are a "hard about face". Plaintiffs also point out that Debtor himself has used a number of items obtained during discovery in the First Citizens action.

"Courts should construe protective orders in a reasonable and commonsense fashion, so that their prohibitions are connected to their purpose." *Hunter Eng'g Co. v. Hennessy Indus., Inc.*, No. 4:08 CV 465 DDN, 2010 WL 1186454, at *2 (E.D. Mo. 2010); *On Command Video Corp. v. LodgeNet Entm't Corp.*, 976 F. Supp. 917, 921 (N.D. Cal. 1997) (citing *In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10 F.3d 693, 695 (9th Cir. 1993)). The language of

the protective order is broad and unambiguous and prevents any information produced through discovery in the First Citizens state court action from being used in any other case unless it is publicly available through some other means. If that is not what the parties intended, they should have been more careful in drafting the protective order. Other courts have considered similar situations, and their findings are in accordance with the Court's ruling. *See Hunter Eng'g Co.*, 2010 WL 1186454, at *2; *On Command Video Corp.,* 976 F. Supp. at 921 (citing *In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10 F.3d 693, 695 (9th Cir. 1993)). No information obtained through the First Citizens state court action will be admitted into evidence in this case unless the parties agree that it may be admitted, the issuing court modifies its protective order, or the document is obtained from a public source or through the discovery process in this adversary proceeding. Debtor also requests that the Court order that any documents obtained in the First Citizens action and filed on the Court's filing system be withdrawn. However, Debtor does not identify any specific offending documents, and the Court has no knowledge or information regarding what documents were produced in the First Citizens action. It would be impossible for the Court to engage in review of the entire docket in this case to determine whether any documents were in violation of the protective order. Debtor's request that Plaintiffs be ordered to withdraw documents from the Court's filing system is denied. Debtor's Motion is otherwise granted. A scheduling order will be entered to facilitate the parties' discovery in this adversary proceeding.

    AND IT IS SO ORDERED.