**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Ronald Jefferson Davis, Jr.,<br><br>Debtor.<br><br>Andrew Taylor and Naomi Taylor,<br><br>Plaintiffs,<br><br>v.<br><br>Ronald Jefferson Davis, Jr.,<br><br>Defendant. | C/A No. 11-07525-DD<br><br>Adv. Pro. No. 12-80034-DD<br><br>Chapter 7<br><br>**ORDER DENYING MOTION TO STRIKE AMENDED COMPLAINT AND "FALSE" CERTIFICATE OF SERVICE AND TO DISMISS ADVERSARY PROCEEDING** |

This matter is before the Court on a Motion to Strike Amended Complaint and "False" Certificate of Service and to Dismiss Adversary Proceeding ("Motion") received by the Court from Ronald Jefferson Davis, Jr. ("Debtor") on June 26, 2012. An Objection to Debtor's Motion was filed by Andrew and Naomi Taylor ("Plaintiffs") on July 27, 2012. The Court received a Reply from Debtor on August 9, 2012. A hearing was held on August 14, 2012. At the conclusion of the hearing, the Court took the matter under advisement. The Court now issues this Order.

**I. False Certificate of Service**

On March 2, 2012, Plaintiffs commenced an adversary proceeding against Debtor, asserting claims under 11 U.S.C. § 523(a)(2)(A), (4), (6), and (19). On April 4, 2012, Debtor filed a Motion to Dismiss Adversary Proceeding. Plaintiffs filed a Response on May 14, 2012, and a hearing was held on May 22, 2012. On May 23, 2012, the Court entered an Order finding that Plaintiffs' complaint did not comply with Fed. R. Civ. P. 12(b)(6) and ordering Plaintiffs to

file and serve an amended complaint within fourteen (14) days of the date of the Order. On June 4, 2012, Plaintiffs filed an amended complaint, but failed to file a certificate of service. After the Court discovered the omission and contacted Plaintiffs' counsel, a certificate of service was filed on June 14, 2012. In the evening on June 14, 2012, Debtor contacted Plaintiffs' counsel by email and informed him that Debtor believed a false certificate of service had been filed, as he had not yet received the amended complaint by mail. Exhibit 2 to Plaintiffs' Objection to Debtor's Motion, Adv. No. 12-80034-dd, docket #33. Plaintiffs' counsel responded and indicated that his paralegal, Ms. Steadman, had filed and served the amended complaint on Debtor by mail on June 4, but had inadvertently failed to prepare and file a certificate of service. Exhibit 5 to Plaintiffs' Objection to Debtor's Motion, Adv. No. 12-80034-dd, docket #33. Plaintiffs' counsel indicated that Debtor should have already received a copy of the amended complaint via US Mail, but pointed out that Debtor clearly had electronic access to the amended complaint, as evidenced by his email a mere few hours after the certificate of service was filed. *Id.* Plaintiff's counsel attached a copy of the amended complaint to his email response to Debtor, and told Debtor that he could have additional time to respond to the amended complaint if he desired. *Id.* On June 20, 2012, the Court entered a consent order between the parties extending Debtor's time to answer or file other responses to the amended complaint. Debtor filed this Motion six days later.

Debtor's Motion requests that the Court strike Plaintiffs' amended complaint and June 14 certificate of service for two reasons. First, he has not received the amended complaint by US Mail. Second, the certificate of service was not filed with the amended complaint and therefore, the filing of the certificate of service did not satisfy the requirements of Fed. R. Civ. P. 5 and SC

LBR 9013-3.[1]  He argues that both of these facts strongly indicate that Plaintiffs did not actually serve Debtor with the amended complaint.  Debtor also attaches to his pleadings copies of two envelopes and cover letters from Ms. Steadman.  Debtor contends that the envelopes show differing dates from the accompanying letters and suggests that this is evidence of Ms. Steadman's propensity to be less than truthful about properly serving the amended complaint.  First, other than Debtor's statement to the Court, there is no evidence that the envelopes in which the documents were sent reflect a different date than the service documents.  Debtor attaches an envelope but provides no indication of what it contained, other than his handwritten notes on the face of the envelope.   Additionally, even assuming that the documents were contained in the envelopes as Debtor claims, they are of no help to Debtor's argument. The documents both related to this case, but are immaterial to the matter presently before the Court.  The issue here is whether Debtor was served with the amended complaint; there is a presumption that he was served.

In response to Debtor's other arguments, Plaintiffs state that the amended complaint was in fact mailed to Debtor on June 4 but that Ms. Steadman, through an oversight, failed to file a certificate of service.  Plaintiff's counsel attaches an affidavit from Ms. Steadman to his Objection, in which she attests that she mailed the amended complaint on June 4 but simply failed to file a certificate of service.  Debtor's Reply focuses on essentially the same arguments he made in his Motion.

A proper certificate of service raises a presumption of valid service.  *United States v. Wright*, 2000 U.S. App. LEXIS 33122, at *8 (4th Cir. Dec. 18, 2000); *Bramon v. Barnett Banks, Inc.*, 1993 U.S. Dist. LEXIS 20166, at *3 (M.D. Fla. 1993) (citing *Timmons v. United States*, 194

---

[1] Fed. R. Civ. P. 5 requires that a certificate of service be filed within "a reasonable time" after service, and SC LBR 9013-3 requires a pleading to be "accompanied by" a certificate of service.

F.2d 357 (4th Cir. 1952)).  Here, the certificate of service filed on June 14 is valid on its face and was filed only ten days after the amended complaint.  Debtor has not shown that the failure to file the certificate of service contemporaneously with the amended complaint, in accordance with Plaintiffs' counsel's stated office policy, was due to intentional or bad faith misconduct.  It appears that the failure to file the certificate of service was the result of a mere mistake.  Even the other alleged instances of differing dates on letters and their alleged accompanying envelopes do not tip the weight of the evidence and rebut the presumption of service.  The certificate of service is proper, and there is a presumption that Debtor was properly served with the amended complaint.

Debtor states that he has never received the amended complaint, and his non-receipt is evidence that the amended complaint was never mailed.  Assuming, as the Court does for purposes of this Motion, that Debtor did not receive the complaint by mail, service is complete upon mailing, and non-receipt does not affect the validity of service.  *Wright*, 2000 U.S. App. LEXIS 33122, at *8, *9 (4th Cir. Dec. 18, 2000); *Macon v. Dupont*, 2011 U.S. Dist. LEXIS 51013, at *5 (E.D. Va. May 11, 2011); *In re Erickson*, No. 11-06970-dd, 2012 Bankr. LEXIS 3782, at *7 (Bankr. D.S.C. Aug. 14, 2012).  Debtor's claims that he did not receive the amended complaint by mail do not rebut the presumption of valid service.

The Court also notes that even if Debtor has not in fact received the amended complaint by mail, he has suffered no prejudice.  He has previously stated that he has access to documents filed electronically with this Court by virtue of his use of the Pacer system.  Further, Plaintiffs' counsel provided Debtor with a copy of the amended complaint by email less than 24 hours after Debtor contacted him regarding the alleged failure of service.  Plaintiffs' counsel also offered Debtor an extension of time to answer the amended complaint, which Debtor accepted.  *See*

Consent Order Granting Motion to Extend Time Until and Including June 29, 2012 for the Defendant to Answer or File Other Responses to First Amended Complaint, Adv. No. 12-80034-dd, docket #24. Debtor clearly has access to and actual notice of the amended complaint and has not been prejudiced by his alleged failure to receive the amended complaint by mail. No valid reason exists to strike the amended complaint.

**II. Rule 12(b)(6)**

Debtor also argues that the amended complaint should be dismissed with prejudice because it does not meet the pleading standards of Fed. R. Civ. P. 12(b)(6). Specifically, Debtor complains that Plaintiffs have attached the complaint from the parties' Georgia state court action. Debtor argues this is improper and makes it impossible for him to respond to Plaintiffs' amended complaint.

It is not improper for a party to attach another pleading in support of the complaint. In fact, the Federal Rules of Civil Procedure expressly contemplate such an act. *See* Fed. R. Civ. P. 10(c). However, a document attached to the complaint is not a substitute for the complaint, and the complaint must state a claim for relief on its own. *See United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp.2d 422, 461–64 (E.D.N.Y. 2007); *Cooper v. Nationwide Mut. Ins. Co.*, No. CIV.A. 02-2138, 2002 U.S. Dist. LEXIS 21552, at *19 (E.D. Pa. Nov. 7, 2002) ("Courts have historically been reluctant to allow an incorporation by reference if it fails to provide adequate notice of the incorporating party's claims, defenses, or factual allegations."); *In re Lundholm*, No. 02-24959 EEB, Adv. No. 02-1528 HRT, 2003 Bankr. LEXIS 325, at *3 (Bankr. D. Colo. Apr. 16, 2003); *Wolfe v. Charter Forest Behavioral Health Sys., Inc.*, 185 F.R.D. 225 (W.D. La. 1999). Plaintiffs' original complaint did not do so, and therefore, Debtor's first Motion to

Dismiss was construed as a Motion for More Definite Statement and granted. Plaintiffs have now cured the deficiencies which existed in the previous complaint.

Fed. R. Civ. P. 12(b)(6) allows dismissal of a complaint for failure to state a claim for which relief can be granted. *Discover Bank v. Warren (In re Warren)*, No. 11-06879-dd, Adv. No. 12-80002-dd, 2012 Bankr. LEXIS 1798, at *4 (Bankr. D.S.C. Apr. 23, 2012) (citing Fed. R. Civ. P. 12(b)(6); *Drennan v. Hunnicutt (In re Hunnicutt)*, 466 B.R. 797, 799 (Bankr. D.S.C. 2011)). In order to survive a Rule 12(b)(6) motion, a complaint must contain facts, accepted as true and viewed in the light most favorable to the plaintiff, sufficient to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly,* 550 U.S. 544, 570 (2007)). The complaint does not have to contain detailed factual allegations, but must contain sufficient allegations to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff's complaint can only be dismissed under Rule 12(b)(6) if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Warren*, 2012 Bankr. LEXIS 1798, at *5 (quoting *Bennett v. Smith (In re Smith)*, No. 05-10041, Adv. No. 05-2079, 2006 Bankr. LEXIS 3196, at *4 (Bankr. M.D.N.C. Nov. 16, 2006)).

Plaintiffs' amended complaint satisfies the pleading requirements of Rule 12(b)(6). Plaintiffs set forth in detail the alleged facts that form the basis of their claims against Debtor, and then relate those facts to the elements of causes of action under 11 U.S.C. § 523(a)(2)(A), (4), and (6). The complaint puts Debtor on clear notice regarding Plaintiffs' claims against him and sets forth sufficient detail to allow him to fully respond to those claims. The state court action attached to the amended complaint simply supplies additional information. Debtor need not separately respond to the allegations set forth in the state court complaint; rather, Debtor's

answer should only respond to those matters set forth in the amended complaint in this adversary proceeding.  Debtor's Motion to Dismiss is denied.  Debtor has thirty (30) days from the date of entry of this Order to answer Plaintiffs' amended complaint.

  AND IT IS SO ORDERED.

**FILED BY THE COURT**
**08/30/2012**



Entered: 08/31/2012

David R. Duncan
US Bankruptcy Judge
District of South Carolina