## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re, | C/A No. 11-07525-DD |
| Ronald Jefferson Davis, Jr., | Adv. Pro. No. 12-80034-DD |
| Debtor. | Chapter 7 |
| Andrew Taylor and Naomi Taylor, | **ORDER DENYING MOTION FOR STAY PENDING APPEAL** |
| Plaintiffs, | |
| v. | |
| Ronald Jefferson Davis, Jr., | |
| Defendant. | |

This matter is before the Court on a Motion for Stay Pending Appeal ("Motion") filed by Ronald Jefferson Davis, Jr. ("Defendant") on September 17, 2012. A Response to Defendant's Motion was filed by Andrew and Naomi Taylor ("Plaintiffs") on September 19, 2012. Defendant emailed a Reply to Plaintiffs' Response to the Court and to Plaintiffs' counsel on September 20, 2012, a few hours before a hearing held in the afternoon on the same date. On September 17, the same date Defendant filed his Motion, Defendant also filed a Notice of Appeal of this Court's Order Denying Motion to Strike Amended Complaint and False Certificate of Service, entered August 31, 2012, and Order on Motion for Rehearing and/or Motion to Reconsider Order, entered September 13, 2012.

Defendant's Motion requests that the time for him to respond to Plaintiffs' amended complaint be stayed until his appeal is resolved. Defendant argues this is necessary to prevent the irreparable harm that will occur if he is forced to answer the complaint, because "[o]nce Debtor answers Plaintiff's Amended Complaint, such answer cannot be taken back."

Defendant's Motion, pg 2, docket #93. Defendant argues that no harm to Plaintiffs will occur if the stay is granted. Defendant's Motion engages in an analysis of the relevant factors under *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mfg. Co., Inc.,* 550 F.2d 189 (4th Cir. 1977) and states that the balancing of the hardships weighs in his favor. The *Blackwelder* standard is no longer the controlling standard in the Fourth Circuit; the current test is set forth in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008). Defendant argues that he meets this standard as well.

Plaintiffs respond that Defendant failed to satisfy the four elements of the *Winter* standard. Plaintiffs rely primarily on the failure of the first element, the likelihood of success on the merits, because Defendant seeks to appeal two interlocutory orders, and Defendant does not meet the standard for leave to appeal an interlocutory order. As a result, Plaintiffs argue, because it is unlikely that the District Court will grant Defendant leave to appeal, Defendant cannot show that he is likely to succeed on the merits and cannot satisfy the first element of the *Winter* test. Defendant's Reply focuses primarily on two alleged false certificates of service filed by Plaintiffs' counsel in connection with a Notice of Appearance entered with the Court on the evening of September 19, 2012. Defendant also responds to Plaintiffs' arguments relating to the interlocutory nature of his appeal, stating that his appeal meets the requirements for a granting of leave to appeal.

The Fourth Circuit has stated, "'[O]rders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case.'" *In re Computer Learning Ctrs., Inc.*, 407 F.3d 656, 660 (4th Cir. 2005) (quoting *In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir. 1983)). "In this respect, each adversary proceeding is considered a discrete dispute, and thus, finality in an adversary proceeding is typically contingent upon a

proceeding coming to a close." *First Owners' Ass'n of Forty Six Hundred v. Gordon Props., LLC*, 470 B.R. 364, 369 (E.D. Va. 2012) (finding that order granting injunctive relief in an adversary for willful violation of the automatic stay was not a final order because the plaintiff's complaint also requested damages and therefore the order did not finally resolve a discrete dispute). In other words, to be a final order, the order must completely conclude the litigation. *See In re Daufuskie Island Props., Inc.*, 441 B.R. 49, 55 (Bankr. D.S.C. 2010) (citing *In re Looney*, 823 F.2d 788, 790 (4th Cir. 1987)) ("Final orders are those that resolve the litigation, decide the merits, settle liability, establish damages, or determine the rights of the parties."). *See also Catlin v. United States*, 324 U.S. 229, 233 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (citing *St. Louis I.M. & S.R.R. v. Southern Express Co.*, 108 U.S. 24, 28 (1883)); 10A Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2715 (3d ed. 2012) (discussing summary judgment motions and stating that "an appeal of a decision on a Rule 56 motion is available only if the trial court's determination has the effect of completely disposing of the action.").

In this case, the Order Denying Motion to Strike Amended Complaint and False Certificate of Service is not a final order because it did not resolve the adversary proceeding on the merits. In fact, it did the opposite, as it denied Mr. Davis's request to dismiss the adversary proceeding and allowed the litigation to continue. The Order on Motion for Rehearing and/or Motion to Reconsider likewise is not a final order. *See In re Daufuskie Island Props., LLC*, 441 B.R. at 55–56 ("An order on a motion to reconsider an interlocutory order does not convert an otherwise nonappealable order into an appealable one."); *In re Fort Defiance Hous. Corp.*, No. CV 09-02280-PHX-JAT, 2010 WL 1195889, at *1 (D. Ariz. 2010) ("If the bankruptcy court

declines to entertain or grant a Rule 60(b) motion, that order is interlocutory and not a final determination on the merits.") (citing *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 930 (9th Cir. 2000)). Both Orders Mr. Davis seeks to appeal are interlocutory orders; as a result, Mr. Davis cannot appeal those orders as a matter of right, but instead must apply to the District Court, which has discretion over whether to grant leave to appeal. 28 U.S.C. § 158 ("The district courts of the United States shall have jurisdiction to hear appeals . . . and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.").

The standard for considering a request for a stay pending appeal is the same standard that governs a request for a preliminary injunction. *See In re Forest Grove, LLC*, 448 B.R. 729, 743 (Bankr. D.S.C. 2011). In the Fourth Circuit, the standard for granting a preliminary injunction was set forth in *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds by* 130 S. Ct. 2371 (2010). In *Real Truth About Obama,* the court stated that the previous standard set forth in *Blackwelder* should no longer be used and instead, that the test set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) should be used in considering a request for a preliminary injunction. The *Winter* test sets forth four requirements, all of which must be satisfied. In order to establish that he is entitled to a preliminary injunction under *Winter*, the plaintiff must establish:

1. that he is likely to succeed on the merits,
2. that he is likely to suffer irreparable harm in the absence of preliminary relief,
3. that the balance of equities tips in his favor,
4. that an injunction is in the public interest.

*Winter*, 555 U.S. at 20.

Further, at least one court has stated, "Where, as here, the order being appealed is interlocutory, the relevant 'likelihood of success' looks to whether 'the District Court will grant the Defendants' leave to file an interlocutory appeal, not the possibility that the Defendants will succeed on the merits of that appeal." *In re Frascella Enters., Inc.*, 388 B.R. 619, 623 (Bankr. E.D. Pa. 2008). An interlocutory appeal is allowed when "a controlling question of law [is involved,] as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *In re Rood*, 426 B.R. 538, 538 (D. Md. 2010) (citing *Atl. Textile Group, Inc. v. Neal*, 191 B.R. 652, 653 (E.D. Va. 1996)) (stating that district court may employ an analysis under 28 U.S.C. § 1292(b) when deciding whether to grant leave to appeal an interlocutory order of the bankruptcy court). All three requirements must be satisfied in order for the district court to grant leave to appeal an interlocutory order. *Rood*, 426 B.R. at 548. A controlling question of law exists if "'"either (1) reversal of the bankruptcy court's order would terminate the action, or (2) determination of the issue on appeal would materially affect the outcome of the litigation."'" *Prologo v. Flagstar Bank, FSB,* 471 B.R. 115, 129–30 (D. Md. 2012) (quoting *In re Rood*, 426 B.R. 538, 547 (D. Md. 2010)). "Put another way, a controlling question of law is '"a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes."'" *Prologo*, 471 B.R. at 130 (quoting *Rood,* 426 B.R. at 548).

Defendant's request for stay pending appeal is denied because he has not met his burden of proof. Defendant has not shown a likelihood of success on the merits, because it is unlikely that the District Court will hear his appeal. The orders Defendant seeks to appeal were not dispositive in the litigation and do not go to the merits or the substance of the case. No

controlling question of law exists here.  *See Ahrenholz v. Bd. of Trs. of Univ. of Illinois*, 219 F.3d 674, 676–77 (7th Cir. 2000) ("We think [the framers of section 1292(b)] used 'question of law' in much the same way a lay person might, as referring to a 'pure' question of law rather than merely to an issue that might be free from a factual contest.  The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case."); *In re Qimonda AG*, 470 B.R. 374, 385 (E.D. Va. 2012) ("In applying § 1292(b), courts have often asserted that mixed questions of law and fact or decisions committed to a lower court's discretion are ordinarily not appropriate 'questions of law' for certification."); *In re Avado Brands, Inc.*, No. 3:07-CV-0769-G, 2007 WL 2241660, at *2 (N.D. Tex. Aug. 3, 2007) ("Granting leave to appeal an order concerning primarily issues of fact is inappropriate for purposes of interlocutory appeal. . . . A controlling question of law arises 'only if it may contribute to the determination, at an early stage, of a wide spectrum of cases.'") (citations omitted).  Because Defendant has not met the standard for an interlocutory appeal, Defendant has not shown that he is likely to succeed on the merits.  Defendant has not met the criteria for a stay pending appeal.  Defendant's Motion is denied.

    AND IT IS SO ORDERED.

**FILED BY THE COURT**
**09/21/2012**



/s/ David R. Duncan
David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 09/21/2012