UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | CASE NO: 11-07525 |
| Ronald Jefferson Davis, Jr.,        Debtor, | ADV. PROCEEDING NO.: 12-80034 |
| | ORDER: |
| Andrew Taylor and Naomi Taylor,        Plaintiffs, | SETTING DISCOVERY SCHEDULE |
| | FIXING DATES TO FILE MOTIONS |
| vs. | REQUIRING PREPARATION AND FILING OF PRETRIAL ORDER |
| Ronald Jefferson Davis, Jr.        Defendant. | SETTING PRETRIAL HEARING |

TO:  PLAINTIFF(S) AND DEFENDANT(S) ABOVE-NAMED:

The issues having been joined and the parties having apprised the Court of the need for discovery, this scheduling order is entered to expedite the disposition of this proceeding in accordance with Fed. R. Civ. P. 16(b), made applicable herein by Fed. R. Bankr. P. 7016.

1. Discovery shall be concluded on or before **January 9, 2013**. Parties shall timely comply with all discovery requests and parts thereof, except those to which timely and specific objection is made. Discovery shall be served upon counsel or parties as appropriate, but shall not be filed with the Court except as ordered by the Court. The party responsible for service of the discovery requests or responses shall retain the original and be the custodian thereof until the same shall be used at a hearing or at trial. Motions to compel, objections to discovery, and motions for protective orders shall be filed in accordance with SC LBR 7026-1. Counsel's attention is specifically drawn to SC LBR 7026-1(c) and (e).

2. Motions other than those governed by paragraph one, including motions for summary judgment, shall be filed and served on or before **January 16, 2013**. Any objections or other responses to such a motion shall be filed and served on or before **January 23, 2013.** If no objection or response is filed, the Court may grant the motion without a hearing.  If objections or responses are filed, the Court may hold a hearing. The hearing, if held, will be at the same time as the pretrial conference, unless otherwise scheduled by the Court.

3. Each party is hereby Ordered to prepare and file, no later than **4:30 p.m. on January 23, 2013**, a proposed Pretrial Order. Each party's proposed Pretrial Order shall set forth:

    a.    The facts which are admitted and require no proof.

    b.    The facts which remain to be litigated (evidence at trial will be limited to these issues).

    c.    The issues to be determined.

    d.    A list of exhibits to be introduced at the hearing, in the sequence proposed to be introduced, with a description of each sufficient for identification, and a statement confirming the fact that the parties have exchanged copies of said exhibits. The original and one copy of all paper exhibits shall be submitted to the courtroom deputy clerk at the same time as the Pretrial Order.  Trial exhibits are not to be filed on CM/ECF. Failure to exchange and submit exhibits in a timely fashion may result in the Court denying admission of the exhibits.

    e.    The rule(s) of bankruptcy procedure, the section(s) of the Bankruptcy Code or other statutory basis for relief, and  all case law on which the parties are relying.

        The presentation of authority may be made by separate trial brief, filed contemporaneously with the Pretrial Order.

    f. A separate list by each party of those witnesses whom each will present at the trial and those witnesses whom each may present at trial.  Testimony will be limited to that from the witnesses so identified, except as may otherwise be permitted under the law.  The statement by a party that a witness will be present may be relied on by the opposing party unless notice to the contrary is given in sufficient time prior to trial to allow the opposing party to subpoena the witness or obtain the testimony of the witness. Witnesses to be used only for impeachment need not be identified.

    g. A separate list by each party of any witnesses whose testimony will be offered by deposition.

    h. Whether a pretrial settlement conference would be beneficial.

    i. A statement that the parties are ready for trial.

  4. Each party must file a statement of any objections (with specific evidentiary grounds stated) to the opposing party's exhibits at or before the pre-trial conference.  In addition, to the extent an opposing party seeks to offer testimony of a witness by deposition, each party should include a statement of objections to the use of any portions of said depositions.

  5. Any final pretrial evidentiary motion with respect to this proceeding must be filed with the Court at the same time as the submission of the proposed Pretrial Order.

  6. Failure of a party to submit timely a Pretrial Order and exhibits may result in sanctions.

  7. Pretrial Orders may not be amended after submission without a showing of good cause by the party proposing the amendment. Each party is bound by the proposed Pretrial Order submitted. Once entered by the Court, the Pretrial Orders will control unless relief therefrom is granted pursuant to Fed. R. Civ. P. 60.

  8. In accordance with Fed. R. Civ. P. 26(a)(2)A, each party shall identify any expert witness to be used in this proceeding, provide the expert's written report, if any, and allow a reasonable opportunity for the taking of the expert's deposition prior to the conclusion of discovery, unless otherwise ordered by the Court.

  9. If this adversary proceeding requires a change of schedule from that heretofore stated, a party in interest may timely move to amend this order.  The movant must indicate the reasons therefore and whether all parties consent.  A showing of exceptional circumstances must be shown for such modification affecting the trial calendar.  An agreement to modify a deadline or a request to so modify is not effective absent entry of an amended scheduling order by the Court.   In the event the parties agree that discovery is concluded or unnecessary and that they are ready for trial, a trial date may be immediately requested.  Such a request shall estimate the time necessary for trial.

  10. A deadline established by this order will be extended only upon a showing of good cause.  In the absence of disabling circumstances, the deadline for completion of discovery will not be extended unless there has been active discovery and a good faith effort to comply with the discovery schedule.  Attorneys may not privately agree to continue discovery beyond the deadline established herein except in writing and only if the extension will not alter the other deadlines established herein.

  11. **A pre-trial conference will be held before this Court on the 12th day of February, 2013 at  9:00 o'clock a.m. in the United States Bankruptcy Court, 145 King Street, Room 225, Charleston, South Carolina** to determine the trial date, hear any outstanding motions and consider any other matters appropriate under the circumstances of the case.  The pre-trial conference shall be attended by the attorneys who will conduct the trial for each of the parties, or by parties appearing *pro se*.  The Court expects that the attorneys for each party participating in this conference will be prepared to estimate the time necessary for trial and shall have authority to enter into stipulations, to discuss settlement, and to make admissions regarding all matters that the participants may reasonably anticipate to be discussed.  Following the conclusion of the pre-trial conference, the Court may immediately proceed to trial on the merits or may enter orders setting a date for a further pretrial conference, a date

for the filing of further proposed pretrial orders or briefs, and/or a trial date.

    AND IT IS SO ORDERED.

**FILED BY THE COURT**
**10/16/2012**



Entered: 10/17/2012

David R. Duncan
US Bankruptcy Judge
District of South Carolina