## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Ronald Jefferson Davis, Jr.,<br><br>                              Debtor. | C/A No. 11-07525-dd<br><br>Adv. Pro. No. 12-80034-dd<br><br>Chapter 7 |
| Andrew Taylor and Naomi Taylor,<br><br>                         Plaintiffs,<br><br>v.<br><br>Ronald Jefferson Davis, Jr.,<br><br>                         Defendant. | **ORDER** |

Pending before the Court are the following motions: Defendant's motion in limine to exclude deposition testimony, transcripts and exhibits from the FDIC-R action entered December 17, 2012; Defendant's motion to compel discovery responses entered January 11, 2013; Defendant's motion to compel Plaintiffs' attorney to provide a recording of their December 10, 2012 conference call entered January 14, 2013; Defendant's emergency motion to extend discovery six months and amend the scheduling order accordingly entered January 11, 2013; Defendant's motion for summary judgment as no debt exists since the underlying state court claims were compulsory cross-claims entered December 6, 2012; Defendant's motion for summary judgment as Plaintiffs suffered no damages entered January 29, 2013; Defendant's motion for summary judgment on Plaintiffs' second cause of action since Defendant was not a fiduciary entered January 29, 2013; Defendant's motion to dismiss, stay, or compel contractually required arbitration entered January 23, 2013; Defendant's motion to dismiss adversary proceeding until expiration of statute of limitations related to matter entered January 23, 2013;

Defendant's motion to appoint pro bono attorney for trial entered January 23, 2013; Defendant's motion entered January 16, 2013, to extend time for filing a reply in support of his December 6, 2012 motion for summary judgment; Defendant's motion entered January 29, 2013, to extend time for filing his two motions for summary judgment that were also entered January 29, 2013; and Plaintiffs' motion for summary judgment entered January 14, 2013.  The parties submitted various responses and memoranda in connection with these motions.  A hearing on these motions was held on January 29, 2013.  After careful consideration, the Court concludes as follows with respect to the motions before it.

**A.     Defendant's motion in limine to exclude deposition testimony, transcripts and exhibits from the FDIC-R action entered December 17, 2012**

What is referenced by the parties to this adversary proceeding as the "FDIC-R action" is a lawsuit First Citizens Bank and Trust Company filed on October 15, 2009 in state court in Fulton County, Georgia against 1842 Capital, LLC; R. Jefferson Davis, Jr. (Defendant in this case); Timothy L. Winder; Taylor M. Fairman; and Andrew T. and Naomi Taylor (Plaintiffs in this case).  The Federal Deposit Insurance Corporation, as receiver of Georgian Bank ("FDIC-R") was later substituted as plaintiff, and the case was removed to a federal district court in Georgia.  Defendant moves for the Court to exclude all deposition testimony and evidence discovered in the FDIC-R action prior to March 30, 2011.  Because it is not clear at this stage exactly what evidence discovered in the FDIC-R action Plaintiffs may seek to admit into evidence at trial and whether it is admissible, the Court denies Defendant's motion in limine at this time without prejudice to him asserting specific objections to evidence Plaintiffs may attempt to admit at trial.

**B.        Defendant's motion to compel discovery responses entered January 11, 2013**

Defendant filed a motion asking the Court to compel Plaintiffs to respond to Defendant's pending discovery requests.    Defendant attached the discovery requests he submitted to Plaintiffs, which include 326 requests for admission directed to Andrew Taylor, 326 requests for admission directed to Naomi Taylor, 86 requests for production directed to Andrew Taylor, 86 requests for production directed to Naomi Taylor, 16 continuing interrogatories directed to Andrew Taylor, and 16 continuing interrogatories directed to Naomi Taylor.    Plaintiffs admitted, denied, or objected to each of Defendant's requests for admission.    *See* Fed. R. Bankr. P. 7036; Fed. R. Civ. P. 36.    Defendant has not alluded to specific requests for admission for which he wants responses compelled or asserted which specific responses by Plaintiffs are deficient and why.    Therefore, his motion to compel responses to his requests for admission is denied. Defendant also argues Plaintiffs' responses to his interrogatories are deficient because they were not answered under oath as required by the applicable federal rules.    *See* Fed. R. Bankr. P. 7033; Fed. R. Civ. P. 33(b)(3).    At the hearing, Plaintiffs agreed to swear their responses to Defendant's interrogatories.    Defendant asserted no other specific objections to Plaintiffs' responses to his interrogatories.    Finally, with respect to his requests for production, Defendant asserted it was unreasonable for Plaintiffs to only make documents available for inspection in Atlanta, Georgia.    Defendant cited no legal authority in support of this argument.    Additionally, at the hearing, Defendant stated there were no specific documents he did not already have that he needed to be ready for trial.    Therefore, his motion to compel responses to his requests for production is denied.    In sum, Defendant's motion to compel discovery responses is denied except to the extent that Plaintiffs agree to swear their interrogatory responses.

C.    **Defendant's motion to compel Plaintiffs' attorney to provide a recording of their December 10, 2012 conference call entered January 14, 2013**

Defendant seeks to compel Plaintiffs' attorney to provide a copy of the recording of the December 10, 2012 conference call regarding settlement in which they participated. Plaintiffs' attorney indicated he would provide Defendant with a copy as long as he could also file a copy with the Court. At the hearing, Plaintiffs' attorney agreed to provide a copy to Defendant without giving a copy to the Court. Therefore, Plaintiffs' attorney should do so.

D.    **Defendant's emergency motion to extend discovery six months and amend the scheduling order accordingly entered January 11, 2013**

Defendant requests that discovery be extended six months and the scheduling order be amended accordingly because he asserts Plaintiffs have not engaged in good faith discovery. In light of the fact that there are no outstanding discovery disputes based on the above rulings regarding Defendant's other discovery motions and Defendant has not made a sufficient showing to justify the extension he seeks, Defendant's motion is denied.

E.    **Motions for summary judgment**

Applying the standard set forth in Federal Rule of Civil Procedure 56, made applicable by Bankruptcy Rule 7056 and the Supreme Court's decisions in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986), the Court concludes as follows with respect to the motions for summary judgment before it.

1.    ***Defendant's motion for summary judgment as no debt exists since the underlying state court claims were compulsory cross-claims entered December 6, 2012***

Defendant moves for summary judgment asserting no debt exists because Plaintiffs' underlying state court claims were compulsory cross-claims. The FDIC-R action was filed on October 15, 2009, in Fulton County, Georgia and later removed to federal court. Plaintiffs were

4

dismissed without prejudice from the FDIC-R action on November 28, 2011.  On October 19, 2009, Plaintiffs filed suit against Defendant and others in Fulton County, Georgia ("Fulton County action").  Plaintiffs assert this filing occurred before they were served in the FDIC-R action.  Plaintiffs voluntarily dismissed the Fulton County action without prejudice on November 20, 2009.  Plaintiffs filed what they describe as a renewal of the Fulton County action under Georgia statutory law in Cobb County, Georgia in April 2010 ("Cobb County action").  *See* Ga. Code Ann. § 9-2-61(a).  This action is currently stayed due to Defendant's bankruptcy filing in this Court.

Defendant asserts Plaintiffs' claims in the Cobb County action that serve as the basis for his alleged debt to the Plaintiffs were compulsory crossclaims in the FDIC-R action.  The FDIC-R action is pending in federal court.  The Federal Rules of Civil Procedure do not provide for compulsory crossclaims.  *See* Fed. R. Civ. P. 13(g) (A pleading *may* state as a crossclaim any claim by one party against a coparty . . . ." (emphasis added)).  The Georgia rules of procedure also do not describe crossclaims as compulsory.  *See* Ga. Code Ann. § 9-11-13(g) ("A pleading *may* state as a cross-claim any claim by one party against a coparty . . . .") (emphasis added)).

There is a line of cases cited by Defendant where Georgia courts applied the doctrine of res judicata to claims brought in a later proceeding that could have been asserted as crossclaims in an earlier proceeding.  *See Fowler v. Vineyard*, 405 S.E.2d 678 (Ga. 1991); *Citizens Exch. Bank of Pearson v. Kirkland*, 344 S.E.2d 409 (Ga. 1986); *Sani-Agri Serv., Inc. v. City of Albany*, 629 S.E.2d 15 (Ga. Ct. App. 2006).  The Court finds these cases distinguishable from the circumstances here.  In *Kirkland*, the plaintiff brought an action against a bank and Mrs. Kirkland seeking a declaratory judgment regarding ownership of a certificate of deposit. *Kirkland*, 344 S.E.2d at 410.  Mrs. Kirkland did not answer, the bank answered it was a neutral

party, and the court entered judgment in favor of the plaintiff.  *Id.*  Mrs. Kirkland later filed suit

against the bank over the certificate of deposit, and the court held that res judicata barred her

claims because Mrs. Kirkland could have asserted her claims against the bank as crossclaims in

the first action.  *Id.*  The reasoning of the decision is not clear but seems to apply the doctrine of

res judicata as it is defined under Georgia statutory law to the Georgia rule of civil procedure

regarding crossclaims to render crossclaims compulsory under certain circumstances.  *Id.* at 410.

However, one of the prerequisites for res judicata to apply is "an adjudication by a court of

competent jurisdiction."  *Fowler*, 405 S.E.2d at 680.  In *Kirkland*, there was clearly a previous

adjudication.  In this case, there has been no prior adjudication of whether Defendant's alleged

debt to Plaintiffs is dischargeable.[1]  Furthermore, the FDIC-R action is not complete as the fraud

claims against 1842 Capital, LLC remain pending even though the parties indicate a judgment

has been entered on 1842 Capital's liability on the note to Georgian Bank.[2]

The other cases Defendant cites, *Fowler* and *Sani-Agri Services*, are also distinguishable.

*Fowler* involved a party who asserted crossclaims in an earlier action, dismissed them with

prejudice, and then brought a subsequent action.  *Fowler*, 405 S.E.2d at 679-80.  In *Sani-Agri*

*Services*, the City of Albany asserted a crossclaim against Sani-Agri, and Sani-Agri filed a

separate action against the City instead of asserting its claims in response to the City's

crossclaim.  *Sani-Agri Serv.*, 629 S.E.2d at 16.

---

[1]  Similarly, "[c]ollateral estoppel precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies."  *Waldroup v. Greene County Hosp. Auth.*, 463 S.E. 2d 5, 7 (Ga. 1995). There is no previous adjudication on the merits here.

[2]  1842 Capital is a single member limited liability company formed by Defendant.  In *Kirkland*, the Georgia Supreme Court distinguished cases seeking only declaratory and injunctive relief, which was the situation with the initial action against Mrs. Kirkland and the bank, from actions sounding in tort.  *Kirkland*, 344 S.E.2d at 410.  Because there are fraud claims asserted in the FDIC-R action, it partially sounds in tort.

Additionally, Defendant asserts Plaintiffs' claims in the Cobb County action are barred by Georgia Code Ann. § 9-11-41(a)(3), which states "[a] dismissal under this subsection is without prejudice, except that the filing of a second notice of dismissal operates as an adjudication upon the merits." Defendant asserts Plaintiffs' dismissal from the FDIC-R action was a second dismissal for purposes of § 9-11-41(a)(3). For the foregoing reasons, the Court finds that Defendant is not entitled to relief on this argument. First, § 9-11-41(a) speaks in terms of a dismissal by a plaintiff of an action, and Plaintiffs here never asserted any claims against Defendant in the FDIC-R action. Moreover, § 9-11-41(c) states that § 9-11-41 applies to dismissals of crossclaims, suggesting that dismissals of crossclaims, if asserted, are examined separately from first-party claims for purposes of § 9-11-43(a)(3). Second, Plaintiffs' dismissal from the FDIC-R action was under Federal Rule of Civil Procedure 41(a), not Georgia Code Ann. § 9-11-41(a). Third, Plaintiffs assert the Cobb County action is a recommencement of the Fulton County action under Georgia Code Ann. § 9-2-61(a) rather than a separate civil action, which would seem to essentially cancel out the earlier dismissal without prejudice of the Fulton County action.

For the reasons set forth above, Defendant's December 6, 2012 motion for summary judgment is denied.

### 2. *Defendant's motion for summary judgment as Plaintiffs suffered no damages entered January 29, 2013*

Defendant filed a second motion for summary judgment asserting he is entitled to summary judgment because Plaintiffs suffered no damages. The Court concludes there is a genuine dispute of material fact as to whether Plaintiffs suffered damages. Therefore, summary judgment is denied.

### 3. *Defendant's motion for summary judgment on Plaintiffs' second cause of action since Defendant was not a fiduciary entered January 29, 2013*

Defendant filed a third motion for summary judgment asserting he is entitled to summary judgment on Plaintiffs' second cause of action because he was not a fiduciary. The Court concludes there is a genuine dispute of material fact with respect to whether Plaintiff was acting in a fiduciary capacity during the events in question for purposes of 11 U.S.C. § 523(a)(4). Summary judgment is, therefore, denied.

### 4. *Plaintiffs' motion for summary judgment entered January 14, 2013*

Plaintiffs move for summary judgment on their claims that Defendants' alleged debt to them is non-dischargeable under 11 U.S.C. § 523(a). Summary judgment is denied because the Court finds there are genuine disputes of material fact related to the money Plaintiffs allegedly gave to Defendant, the agreement regarding the money's use and what Plaintiffs would receive in return, and how the money was ultimately used.

## F.  Defendants' motions entered January 23, 2013

As an initial matter, the Court notes that Plaintiff does not dispute that his motions entered January 23, 2013, are untimely under the January 16, 2013 deadline set forth in the scheduling order for filing motions other than those related to discovery. However, the Court has considered these motions on the merits and concludes as follows with respect to them.

### 1. *Defendant's motion to dismiss, stay, or compel contractually required arbitration*

Defendant asserts that Plaintiffs are contractually required to submit their claims to arbitration under an investment advisory services and financial consulting services contract they signed. He argues this adversary proceeding should be dismissed or, in the alternative, Plaintiffs should be compelled to arbitrate or this action should be stayed pending arbitration. In *In re White Mountain Mining Co.*, 403 F.3d 164 (4th Cir. 2005), the Fourth Circuit upheld a

8

bankruptcy court's decision not to compel arbitration of a core proceeding and noted that arbitration is inconsistent with Congress's intent to "centralize disputes about a debtor's assets and legal obligations in the bankruptcy courts." *Id.* at 169-70. The determination of the dischargeability of a debt under 11 U.S.C. § 523(a) is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Submitting the issue of the dischargeability of Defendant's alleged debt to Plaintiffs to arbitration would interfere with the centralization of determinations regarding Defendant's assets and legal obligations in this Court as intended by Congress. Therefore, Defendant's motion to dismiss, stay, or compel contractually required arbitration is denied.

> **2.** ***Defendant's motion to dismiss adversary proceeding until expiration of statute of limitations related to matter***

Defendant requests that the Court stay this matter pending the expiration of the statute of limitations related to any underlying matters in the FDIC-R action. In support, Defendant argues he has asserted his Fifth Amendment right to not be a witness against himself and that it is not fair to force him to choose between his Fifth Amendment privilege and testifying in this matter. Defendant does not indicate what potential criminal charges he faces or cite legal authority setting forth the statutes of limitation for any such potential criminal charges. He simply states he is not sure when the statute of limitations runs, although he assumes a six-year maximum. Defendant also has not indicated that there are any pending investigations, much less any pending criminal prosecutions, against him related to this matter and cites no binding legal authority stating this Court should stay a case under circumstances such as exist here where there is no pending criminal prosecution. Defendant's motion to dismiss adversary proceeding until expiration of statute of limitations related to matter is thus denied.

### 3.  *Defendant's motion to appoint pro bono attorney for trial*

Defendant requests that a pro bono attorney be appointed to represent him at trial under a program set up by the United States District Court for the District of South Carolina.  The program is designed to provide *pro se* litigants, of which a large number are prison inmates, with attorneys if their cases go to trial.  The program has not been previously utilized or adopted by this Bankruptcy Court, and after careful consideration, the Court declines to do so in this case. Defendant's motion to appoint a pro bono attorney for trial is denied.

### G.    Defendant's motions for extensions of time

Defendant filed a motion for an extension of time to file a reply in support of his December 6, 2012 motion for summary judgment and a motion for an extension of time to file his motion for summary judgment as Plaintiffs suffered no damages and his motion for summary judgment on Plaintiffs' second cause of action since Defendant was not a fiduciary.  These two motions for extensions of time are hereby granted.

### H.    Conclusion

In sum, for the reasons set forth herein, the Court issues the following rulings:

(1)    Defendant's motion in limine to exclude deposition testimony, transcripts and exhibits from the FDIC-R action entered December 17, 2012, is denied without prejudice;

(2)    Defendant's motion to compel discovery responses entered January 11, 2013, is denied except to the extent that Plaintiffs agree to swear their interrogatory responses under oath;

(3)     Defendant's motion to compel Plaintiffs' attorney to provide a recording of their December 10, 2012 conference call entered January 14, 2013, is moot and Plaintiffs' attorney should provide a copy of the recording to Defendant as agreed;

(4)     Defendant's emergency motion to extend discovery six months and amend the scheduling order accordingly entered January 11, 2013, is denied;

(5)     Defendant's motion for summary judgment as no debt exists since the underlying state court claims were compulsory cross-claims entered December 6, 2012, is denied;

(6)     Defendant's motion for summary judgment as Plaintiffs suffered no damages entered January 29, 2013, is denied;

(7)     Defendant's motion for summary judgment on Plaintiffs' second cause of action since Defendant was not a fiduciary entered January 29, 2013, is denied;

(8)     Plaintiffs' motion for summary judgment entered January 14, 2013, is denied;

(9)     Defendant's motion to dismiss, stay, or compel contractually required arbitration entered January 23, 2013, is denied;

(10)    Defendant's motion to dismiss adversary proceeding until expiration of statute of limitations related to matter entered January 23, 2013, is denied;

(11)    Defendant's motion to appoint pro bono attorney for trial entered January 23, 2013, is denied;

(12)    Defendant's motion entered January 16, 2013, to extend time for filing a reply in support of his December 6, 2012 motion for summary judgment is granted;

(13)    Defendant's motion entered January 29, 2013, to extend time for filing his two motions for summary judgment that were also entered January 29, 2013, is granted; and

(14)    As indicated at the hearing, Defendant is directed to provide copies of his trial exhibits to opposing counsel and to the Clerk of Court.  Defendant should provide these exhibits no later than February 8, 2013.

The pretrial conference will take place on February 12, 2013, at 9:00 a.m. in Charleston, South Carolina.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**02/01/2013**



Entered: 02/01/2013

David R. Duncan
US Bankruptcy Judge
District of South Carolina

12